UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAD OSBORNE VINING,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-2977 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1]  Plaintiff argues that the ALJ erred by discrediting medical opinion evidence and by rejecting plaintiff's testimony.  For the reasons explained below, plaintiff's motion is granted in part and denied in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In October of 2011, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  (See Dkt. Nos. 8 & 12.)

1

("SSI") under Title XVI of the Act alleging disability beginning on August 1, 2011. (Transcript ("Tr.") at 19, 211-26.) Plaintiff's applications were denied initially, (id. at 142-45), and upon reconsideration. (Id. at 150-55.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on June 20, 2013. (Id. at 36-81.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 36-37.) In a decision issued on August 22, 2013, the ALJ found that plaintiff was not disabled. (Id. at 30.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since August 11, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: status post fracture of thoracolumbar spine in 1987, mild compression deformities of T1 and T12, lumbosacral strain/sprain, restless leg syndrome, multilevel degenerative disk disease, neuropathy, history of shingles, hepatitis C, adjustment disorder with depressed mood, and bipolar affective disorder not otherwise specified (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently. He can stand and/or walk for six hours in an eight-hour workday. He can sit for six hours in an eight-hour workday. He must use a lumbosacral corset. He can occasionally stoop, crouch, climb, kneel, balance, crawl, push, or pull. He can understand and carry out simple and detailed instructions but not complex instructions.
>
> 6. The claimant is capable of performing past relevant work as a a (sic) telephone solicitor, sandwich board carrier, and security guard. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

/////

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 21-30.)

On October 28, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's August 22, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on December 26, 2014. (Dkt. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically

determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts the following two principal claims:  (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ improperly rejected plaintiff's own subjective testimony.  (Pl.'s MSJ (Dkt. No. 15) at 6-14.[2])

**I.    Medical Opinions**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

by substantial evidence in the record. <u>Lester</u>, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (<u>Id.</u> at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" <u>Chaudhry v. Astrue</u>, 688 F.3d 661, 671 (9th Cir. 2012) (quoting <u>Bray v. Comm'r of Soc. Sec. Admin.</u>, 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, on March 21, 2013, plaintiff's treating psychiatrist, Dr. Kristina Antonson, completed a "MEDICAL ASSESSMENT OF ABILITY TO DO WORK-RELATED ACTIVITIES MENTAL" form. (Tr. at 527-29.) The ALJ's decision recounted Dr. Antonson's opinion, stating:

> . . . Dr. Kristina Antonson, opined that the claimant's []severe anxiety and depression cause him to be unable to interact appropriately with people. He is unable to handle stress, and he has severe deficits in concentration. She opined he had only fair ability to follow work rules, use judgment, and make social adjustments in the workplace. She opined he had poor or no ability to understand, remember, and carry out not only detailed and complex job instructions but also simple job instructions. She also opined he had poor or no ability to relate to coworkers, the public, supervisors and deal with work stresses, maintain concentration and attention, and function independently.

(<u>Id.</u> at 27.)

The ALJ, however, afforded Dr. Antonson's opinion only "little weight." (<u>Id.</u> at 28.) In this regard, the ALJ asserted that Dr. Antonson had "question[ed] [plaintiff's] veracity in noting his noncompliance with treatment recommendations." (<u>Id.</u>) It appears the ALJ's decision is referring to an October 31, 2012, statement found in a "MEDICATION SERVICES PROGRESS NOTES" form. (<u>Id.</u> at 549.) Therein, Dr. Antonson states "[s]o far we have tried three medications in three months all of which [plaintiff] reported intolerable [side effects] and/or no benefit," and that plaintiff had stopped taking the medications without first discussing that decision with Dr. Antonson. (<u>Id.</u>) Dr. Antonson went on to state that it was "[u]nclear what the significance of this pattern" was, but that it indicated "possible help seeking/help rejecting"

5

behavior and "possible primary or secondary gain from staying in sick role." (Id.) Dr. Antonson also stated that she "[w]ill continue to monitor." (Id.)

Dr. Antonson, however, continued treating plaintiff thereafter. (Id. at 547-48.) And Dr. Antonson's opinion was not rendered until March 21, 2013, several months after the unclear pattern of behavior noted above. In this regard, that Dr. Antonson found plaintiff's behavior to be unclear, stated she would monitor that behavior, continued to treat plaintiff, and then several months later rendered an opinion is not a legitimate reason for discrediting her opinion.

The ALJ also found that Dr. Antonson's opinion was "not supported by her own treatment notes" and mental status examinations without any further explanation. (Id. at 28.) However,

> [t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."). Additionally,

> [c]ourts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices in order to obtain objective clinical manifestations of mental illness . . . . [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnoses and observations of professionals trained in the field of psychopathology.

Averbach v. Astrue, 731 F.Supp.2d 977, 986 (C.D. Cal. 2010) (quoting Sanchez v. Apfel, 85 F.Supp.2d 986, 992 (C.D. Cal. 2000)).

The final reason offered by the ALJ for discrediting Dr. Antonson's opinion was that it was contradicted by the opinion of the "reviewing physician" and "also that of examining psychiatrist Dr. Canty." (Tr. at 28.) As noted above, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a

6

treating physician." Lester, 81 F.3d at 831.  Moreover, as to the ALJ's finding that Dr. Antonson's opinion "contradicts" the other medical opinions of record, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . asserting without explanation that another medical opinion is more persuasive . . . ." Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014).

Plaintiff also correctly notes that the ALJ's decision fails to discuss Dr. Antonson's September 27, 2012 opinion.  (Tr. at 479-81.)  "The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); see also Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.").

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment on his claim that the ALJ's treatment of the medical opinion evidence constituted error.

## II.   Plaintiff's Testimony

Plaintiff also argues that the ALJ's treatment of plaintiff's testimony constituted error. (Pl.'s MSJ (Dkt. No. 15) at 12-13.)  The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine, 574 F.3d at 693 (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff was not credible, in part, because plaintiff made inconsistent statements. (Tr. at 27.) In this regard, plaintiff indicated in his answers on the "FUNCTION REPORT-ADULT" form that he does not spend time with others. (Id. at 301.) Plaintiff also testified at the June 20, 2013 hearing that he "avoid[s] interaction with people . . . ." (Id. at 53.) Plaintiff, however, told Dr. Canty that he "socializes with friends." (Id. at 423.) Dr. Canty also reported that plaintiff stated that if "[h]e had the money he would go skiing and to the movies." (Id.)

The ALJ is permitted to consider such evidence in evaluating a claimant's credibility. See Thomas, 278 F.3d at 958-58 (ALJ may consider inconsistencies in testimony); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for

truthfulness and any inconsistent statements in her testimony.").

Accordingly, plaintiff is not entitled to summary judgment on this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (Dkt. No. 19) is granted in part and denied in part;

/////

/////

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: March 9, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.soc sec\vining2977.ord

10